The Chancellor.
As to the question of notice to Cornelius, there is no difficulty in the case. If, as between the complainants and Lawrence, there was a contract of sale and purchase, there is enough in the bill and answer to charge Cornelius with notice. The inquiry is, does it sufficiently appear from the bill and answer, that there was any such contract as is set out in the bill? Lawrence and Wyckoff positively and fully deny it, and state what the agreement was, under which the complainants went to cutting. But it is said by the counsel for the complainants, that as the injunction is against Cornelius alone, it must stand or fall by his answer, and that he cannot call' to his aid the answer of the other defendants; that if he has no knowledge of the fads, and cannot deny the charges of the bill, the injunction must stanch This ground cannot be maintained. It is a bill for the specific’ performance of an alleged agreement between the complainants5 and Lawrence. The injunction against Cornelius, the subsequent purchaser from Lawrence, is only auxiliary to the relief sought by the hill. Lawrence denies the equity of the bill, and the facts from which it is supposed to arise; and Cornelius denies any knowledge, information or belief of the alleged agreement. Should the injunction be retained because the subse *24 quent purchaser, knowing nothing of the facts, can neither admit nor deny them ? I think not. The injunction will be dissolved.
Order accordingly.-